

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-06987

*Law and Policy Section*                                              *Telephone (202) 514-1442*
*P.O. Box 7415*                                                                    *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*

June 26, 2025

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Eastern District of California
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA  95814

      Re:    *Pacific Environmental Advocates, LLC v. Valley Recycling, Inc.* (E.D. Cal.), Case No. 2:24-cv-2142

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

      On June 4, 2025, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed amended consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).[1] This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Water Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes.  *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based).  For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed consent decree requires payment of attorney's fees and requires that Valley Springs Recycling submit a payment to a non-party organization for the sole purpose of providing environmentally beneficial projects within the Central Valley Region to improve water quality in those communities.  Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent.  In a letter attached as Exhibit A, the intended recipient of the funds, San Francisco Estuary Institute, confirmed that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities.  The United States believes that this letter will help to ensure that any monies expended under the consent judgment will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed amended consent judgment.  The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement.  *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).  The United States also notes that, if

the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications.  *See* 33 U.S.C. §1365(c)(3).

      We appreciate the attention of the Court.  Please contact the undersigned at 202-616-9473 if you have any questions.

                Sincerely,

                */s/ Christine Ennis*
                Christine Ennis, Attorney
                U.S. Department of Justice
                Environment and Natural Resources Division
                Law and Policy Section
                P.O. Box 7415
                Washington, D.C.  20044-4390

cc:    Counsel of Record via ECF